IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RENE ALANIS AND MARIA ALANIS <br> Plaintiffs | § § § | |
| VS. | § § | C.A. NO. ____7:23-cv-422____ |
| DLJ MORTGAGE CAPITAL, INC. <br> Defendant | § § § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Notice is hereby given that, pursuant to 28 U.S.C. §§1332, 1441 and 1446, Defendant DLJ Mortgage Capital, Inc. ("Defendant" or "DLJ"), through undersigned counsel, hereby removes this case from the 139th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, San Antonio Division. Defendant denies the allegations in the Complaint, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

### I.   INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION

1. On December 1, 2023, Plaintiffs Rene and Maria Alanis ("Plaintiffs") commenced this action by filing a Petition, Cause No. C-4967-23-C in the 139th Judicial District Court of Hidalgo County, Texas (the "State Court Action").[1] On December 4, 2023 Plaintiffs obtained an ex parte temporary restraining order in the State Court Action.[2] Defendant filed an answer to Plaintiff's Petition on December 6, 2023, in the State Court Action.[3] Pursuant to 28 U.S.C. §

---

[1] See Plaintiff's Original Petition (the "Complaint"), Exhibit "C-1".
[2] See T.R.O., Exhibit "C-3".
[3] See Defendant's Answer, Exhibit "C-5".

1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty days of Defendant's first receipt of the initial state court pleading.

2. This matter relates to Plaintiffs' attempts to enjoin foreclosure following a lawfully noticed foreclosure sale on residential property stemming from a mortgage in default. Plaintiffs have asserted claims for fraud and injunctive relief seeking to preclude Defendant from foreclosing on real property located at 5313 2nd Lane, Palmview, Texas 78572 (the "Property").

## II.   PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiff and filed with the 198th Judicial District Court of Bandera County, Texas.

## III.   STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV.   DIVERSITY JURISDICTION

### A.   Citizenship of the Parties

*5.* This civil action involves a controversy between citizens of different states.

Plaintiffs are citizens of the State of Texas as they reside in and are domiciled in the state of Texas.[4]

6. Defendant DLJ Mortgage Capital, Inc. is a corporation incorporated under the laws of New York with its principal place of business in New York. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Thus, DLJ is a citizen of New York for diversity purposes. 28 U.S.C. § 1332(c)(1); *Roche*, 546 U.S. 81, 88-89 (2005).

7. Because Plaintiffs are not citizens of the same state as DLJ, the parties are completely diverse. See 28 U.S.C. § 1332(a); *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

**B.    Amount in Controversy**

8. This case places an amount in controversy that exceeds the $75,000 threshold. Per the Hidalgo County Appraisal District, the tax appraised value of the Property, which is the collateral at issue, for 2023 is no less than $147,883.00.[5]

9. Among other things, the Complaint purportedly seeks to enjoin Defendant from foreclosing on the Property pursuant to a residential mortgage in default. Plaintiffs also seek money damages based on a fraud claim. In this case, it is apparent from the Complaint that the jurisdictional threshold is satisfied by the request for injunctive relief alone.

10. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[6] "In actions

---

[4]   See Complaint at ¶ 3.
[5]   See Exhibit D.
[6]   *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).

seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[7]

11. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[8] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[9] Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[10]

12. Plaintiffs sought and obtain a temporary restraining order and continue to seek injunctive relief precluding Defendant from pursuing its lawful right to foreclose on the Property, and the value of the subject property is at least $147,883.00.[11]

13. Additionally, and if necessary, Plaintiff seeks unspecified actual damages for damage to credit reputation and attorney's fees and the amount in controversy requirement has been satisfied.

## V.   JURY DEMAND

14. Plaintiffs have made no known jury demand in the State Court Action.

## VI.   CONCLUSION

For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Southern District of Texas, McAllen Division.

---

[7] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[8] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[9] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[10] See *Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).
[11] See the Complaint and Exhibit D.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: /s/ Michael F. Hord Jr.
    Michael F. Hord Jr.
    State Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink
    State Bar No. 24043819
    Federal I.D. No. 569887
    1415 Louisiana, 36th Floor
    Houston, Texas 77002
    Tel (713) 220-9182
    Fax (713) 223-9319
    mhord@hirschwest.com
    emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On this 6th day of December 2023, I hereby certify that a true and correct copy of the foregoing Notice of Removal was served as follows:

Juan G. Ramos, Jr.
Juan Ramos Law Group
4415 N. McColl Road
McAllen, Texas 78504
**Via ECF and E-Mail**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.